**Rodney J. MOODY, Appellant,**

v.

**Rose M. MOODY, Appellee.**

Supreme Court of Tennessee, at Jackson.

Dec. 10, 1984.

**546**

Hughie Ragan, Jackson, for appellant.

Patrick F. Martin, Jackson, for appellee.

## OPINION

PER CURIAM.

The issue in this divorce case is the availability of relief under T.R.C.P. 60.02 to a party, who did not personally receive notice of entry of the final decree until after the expiration of the time for appeal. The trial judge granted relief, set aside the decree, and immediately reinstated it. The Court of Appeals affirmed and on consideration of the merits of the appeal, modified the decree of the trial judge with respect to the disposition of real property.

The facts are not in material dispute. The parties, by complaint and cross-complaint, sought a decree of divorce. On July 20, 1984, after hearing evidence by oral testimony, the trial judge awarded an absolute divorce to Rose Moody and made. distribution of the real and personal property of the parties. Both parties were present at the time the trial judge announced his decision.

After consultation with the trial judge, counsel prepared and approved the decree for entry, as is shown by the signatures of counsel for both parties on the decree. The decree was entered on August 12, 1982.

On January 4, 1983, Mrs. Moody filed a Rule 60 motion seeking to have the decree of divorce set aside on the ground of "surprise or excusable neglect." In support of her motion, Mrs. Moody alleged in substance that the distribution of property set forth in the decree was different from her understanding of the oral ruling by the trial judge, and that the failure to receive notice of these changes had deprived her of the opportunity to appeal.

After a hearing on the motion, the trial judge found that Mrs. Moody "did not receive notice of the final order in this cause, through excusable neglect or inadvertence," vacated the decree of divorce and immediately reinstated it, without change.

In colloquy with counsel for Mr. Moody, the court had the following to say:

> Here's what I am going to do. I'm going to reaffirm the judgment as of this date, and that will give her the opportunity to appeal the case, you too if you want to, on the ground that she did not have notice.

In our opinion, the action of the trial judge was in error. It is undisputed that Mrs. Moody was represented by counsel, that her counsel knew of the property distribution announced by the court and set forth in the original decree of divorce, that he had approved the decree entered by the trial court and knew of its entry. Counsel's knowledge must be attributed to his client, if the actions of the court are to have any efficacy. If it were otherwise, the limitation on time of filing a notice of appeal could be easily circumvented, and that is not the purpose of Rule 60.02.

Judgment of the Court of Appeals is reversed. The appeal in this cause is dismissed, leaving in force the decree of the Chancery Court of Madison County. Costs incident to the appeal are adjudged against Rose M. Moody and her surety.