William C. SMITH, Jr.,
Plaintiff/Appellant,

v.

George S. PETKOFF, E. Patrick Lancaster, Joseph W. Barnwell, Jr., and Petkoff and Lancaster, Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section at Jackson.

Sept. 28, 1995.

Permission to Appeal Denied
March 11, 1996.

Lanier Fogg, Memphis, for appellant.

Jef Feibelman and Susan Clark, Burch, Porter & Johnson, Memphis, for appellees.

TOMLIN, Presiding Judge (Western Section).

In this legal malpractice case, William C. Smith (plaintiff) appeals from the trial court's dismissal of his suit in granting summary judgment in favor of defendants George S. Petkoff, E. Patrick Lancaster, Joseph W. Barnwell, and the law firm of Petkoff and Lancaster (defendants, or by name). The trial court held that the action was barred by the statute of limitations applicable to legal malpractice suits. T.C.A. § 28–3–104(a)(2) (Supp.1994). The sole issue presented by this appeal is whether the trial court erred in its ruling. For the reasons hereafter stated, we find no error and affirm.

The material facts are not in dispute. On October 7, 1987, plaintiff was injured in a multiple car accident. The injuries were such that he had no recollection of how the accident occurred. In January 1988, plaintiff employed the defendant law firm to represent him in an effort to collect damages for injuries and expenses sustained in the accident. On March 16, 1988, defendant Barnwell, then a partner with the law firm, filed a complaint in the Circuit Court of Shelby County on behalf of plaintiff and his wife, naming Anthony Jones and his employer, Mills Morris, Inc., as defendants. Prior to filing the complaint, Barnwell reviewed the accident report and determined that a third driver, Janice Theos, had no potential liability. For this reason she was not named as a co-defendant in the complaint. Thereafter, on June 23, 1988, Mills Morris, Inc. filed its answer, alleging among other things that the accident was the result of the negligence of another party. At no time was the complaint amended to name Theos as a co-defendant.

On October 7, 1988, the statute of limitations ran on plaintiff's claim against Theos. *See* T.C.A. § 28–3–104(a)(1) (Supp.1994). In February 1990, Sam Muldavin became associated with the defendant law firm and assumed representation of plaintiff. Upon reviewing the file at that time, Muldavin was of the opinion that Theos should have been sued in the original complaint. In November 1991, Muldavin tried Smith's case. The jury awarded plaintiff a judgment against defendants in the amount of $12,250. Muldavin timely filed a motion for a new trial on behalf of plaintiff, alleging that the verdict was inadequate. In February 1992, the trial court granted plaintiff's motion for a new trial. On April 20, 1992, a consent order was entered substituting Muldavin as counsel of record for plaintiffs in place of the law firm.

In late March or early April 1993, Muldavin retried the plaintiffs' lawsuit, resulting in a verdict in favor of plaintiffs in the amount of $300,000. However, in light of the then recent adoption of comparative fault by our supreme court in *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn.1992), the jury apportioned fault in this case as zero percent to plaintiffs, fifty percent to defendants, and fifty percent to Theos, a non-defendant.

On April 30, 1993, Muldavin, as counsel for Smith, filed this legal malpractice action, alleging that the defendants had committed malpractice by failing to sue Janice Theos prior to the running of the statute of limitations on Smith's claim. In August 1993, Smith substituted present counsel for Muldavin. This appeal followed after the trial court held that the plaintiff's claim was barred by the one-year statute of limitations.

The statute of limitations in a legal malpractice claim is one year from the date that the cause of action accrues. T.C.A. § 28–3–104(a)(2) (Supp.1994). Up until a very recent date, the issue of when a legal malpractice action accrues for statute of limitations purposes has been governed by a specific formulation of the "discovery rule" applicable to such actions. The development of this rule took place in a series of supreme court opinions in the 1980s, namely, *Ameraccount Club, Inc. v. Hill*, 617 S.W.2d 876 (Tenn.1981); *Security Bank & Trust Co. v. Fabricating,*

*Inc.*, 673 S.W.2d 860 (Tenn.1980); and *Chambers v. Dillow*, 713 S.W.2d 896 (Tenn.1986). *See also Caledonia Leasing & Equipment Co. v. Armstrong, Allen, Braden, Goodman, McBride & Prewitt*, 865 S.W.2d 10, 15 (Tenn. App.1992); *Batchelor v. Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, P.C.*, 828 S.W.2d 388, 393 (Tenn.App.1991).

The above cases establish that the legal malpractice "discovery rule" is composed of two distinct elements: (1) the plaintiff must suffer an "irremediable injury" as a result of the defendant's negligence; and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by defendant's negligence.

However, in the recent case of *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn.1995), the supreme court did some fine-tuning of this rule by modifying the language of the first element and elaborating upon the provisions of the second element. The *Carvell* court dealt extensively with the "irremediable injury" component of the rule, which was first used in dicta in *Ameraccount. Id.* at 29–30. After noting at length the difficulties caused by the attempted application of the phrase "irremediable injury," the court concluded that this term has been causing confusion "from its inception and serves no useful purpose. Therefore, to avoid further confusion, we conclude that henceforth the term 'legally cognizable injury' or 'actual injury' should be used in this context." *Id.* at 30.

As to the "knowledge" component of the discovery rule, the *Carvell* court elaborated upon the standard under which a plaintiff is deemed to have received notice of a malpractice claim. *Id.* at 28–29. In *Carvell*, the sellers of a spec home were sued by the buyers for breach of warranty of good title on February 18, 1986 after they failed to disclose that the property was subject to a gas pipeline easement. *Id.* at 25. The sellers did not file a malpractice action until May 23, 1990 against the attorneys who negligently omitted the easement from the buyer's warranty deed. *Id.* The court of appeals reversed the decision of the trial court, which had ruled that plaintiffs had knowledge of their attorney's injurious act in 1986 when

they were first sued for breach of warranty. *Id.* at 28. The court of appeals ruled that the date on which the plaintiffs received notice could not be determined as a matter of law. *Id.* In reversing, the supreme court noted that the court of appeals had used an improper standard for determining when plaintiffs had knowledge of the malpractice claim:

> the Court of Appeals attributed great weight to the fact that the Carvells were advised by three lawyers that the breach of warranty suit had no merit: furthermore, the Court implied that a client cannot be deemed, in most circumstances, to have knowledge that it has been injured by an attorney's negligence until the client is so advised by a professional.

*Id.* at 29. The court then quoted the proper standard of what might be called the "knowledge component" previously applied in other cases involving allegations of professional misconduct:

> It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a "right of action"; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.

*Id.* at 29 (quoting *Roe v. Jefferson,* 875 S.W.2d 653, 657 (Tenn.1994)).

█ Accordingly, the first element of the legal malpractice "discovery rule" is now stated as follows: the plaintiff must suffer a legally cognizable injury or actual injury as a result of defendant's negligence. The second element has been slightly elaborated upon to indicate that it is not necessary to have professional advice to be put upon notice of a malpractice claim, but it is sufficient that the facts involved would put a reasonable person on notice that an injury has been suffered as a result of wrongful conduct. Applying the newly defined first element of the legal malpractice discovery rule to the particular facts of this case, we are of the opinion that plaintiff suffered an "actual injury" or a "legally cognizable injury" on October 8, 1988 when the statute of limitations ran against Theos.

As of that time, as the trial court stated, "Janice Theos could never be brought into a suit and you could never recover money damages from Janice Theos."

As to the knowledge component, we also agree with the finding of the trial court that under the unique circumstances of this case, knowledge possessed by plaintiff's attorney, Mr. Muldavin, was by law imputed to plaintiff. Although it is a bit redundant to repeat some of the facts of the case, it is necessary to make this point. The defendant law firm filed a complaint on behalf of Smith on March 16, 1988. In February 1990, Muldavin, a new associate with the firm, was assigned the case. After reviewing the file, Muldavin formed an opinion that suit should have been filed on behalf of plaintiff against Janice Theos. Because the statute of limitations had run against Theos on October 7, 1988, nothing could be done regarding this, and Muldavin proceeded with trial. The record reflects that Muldavin handled plaintiff's claim first against Jones and Mills Morris, Inc. and subsequently against his former law firm until August 9, 1993, when present counsel for plaintiff was substituted for him. During this entire time, based upon facts that he had gleaned from the litigation file in the law firm, Muldavin maintained the opinion that Janice Theos should have been sued in the first instance by the law firm, and that failure to do so was malpractice.

We conclude that under the law of this state, knowledge of the facts and circumstances by Muldavin were, as his attorney, imputed to plaintiff. In *Roberts v. State,* 546 S.W.2d 264, 265 (Tenn.Crim.App.1977), the court said: "[a] client is implied to have notice of facts transmitted to his attorney in the matter and course of his employment for such client." In *Moody v. Moody,* 681 S.W.2d 545, 546 (Tenn.1984), the supreme court stated that "[c]ounsel's knowledge must be attributed to his client, if the actions of the court are to have any efficacy." *Id.*

In 7A C.J.S. *Attorney and Client* § 182 (1980) the rule is stated as follows:

> As otherwise stated, a person generally is held to know what his attorney knows and should communicate to him, and the

fact that the attorney has not actually communicated his knowledge to the client is immaterial. So, the facts constituting knowledge, or want of it, on the part of an attorney, are proper subjects of proof, and are to be ascertained by testimony as in other cases; but when ascertained, the constructive notice thereof to the client is conclusive, and cannot be rebutted by showing that the attorney did not in fact impart the information so acquired.

Concerning the force and effect of this rule, this court in *Winstead v. First Tennessee Bank N.A., Memphis,* 709 S.W.2d 627 (Tenn.App.1986) made the following observation:

> This rule may seem harsh in its application, but it is necessary for the orderly conduct of business and for the stability of orders and decrees issuing from the courts. If a party is harmed by the negligent failure of his attorney to disclose material facts in a matter associated with his representation, the party has an action against the attorney for the harm.

*Id.* at 633.

The question remains as to at what point in this saga of Muldavin's representation of plaintiff could it be said with legal certainty that the knowledge of Muldavin was imputed to plaintiff. There are several dates along the way about which a strong argument could be made that the imputation was complete. The first would be in early 1990 after he had reviewed the file and reached the conclusion that the firm should have named Theos as a party. Without reaching any legal conclusions as to this point, it could be said that because he was representing plaintiff as an associate of the law firm until April 20, 1992, there were dual loyalties that would confuse the issue. We choose not to step into this quagmire.

However, on April 20, 1992, a consent order was entered removing the firm of Petkoff and Lancaster as counsel of record and substituting in their place Samuel J. Muldavin. At this point, Muldavin had but a single obligation in this case, and that was totally to plaintiff. Accordingly, we are of the opinion that at this point in time, his knowledge was completely and totally imputed to plaintiff,

notwithstanding, as the law states, whether Muldavin had in fact made any specific disclosure to him. The one year statute of limitations on plaintiff's malpractice claim began to run on that date. Because plaintiff's complaint against the law firm was not filed until April 30, 1993, we are of the opinion that plaintiff's cause of action was time-barred.

Accordingly, the judgment of the trial court is affirmed. Costs in this cause on appeal are taxed to plaintiff, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.