**Alden Joe DANIEL, Jr., Plaintiff,**

v.

**Ellie M. CANTRELL; Michael Cantrell; Lee Ann Stabler; Tim Taylor and Fantasy World; John Doe # 1, representative of and Prime Star; John Doe # 2, representative of and G & M Market; Roger E. Jenne, Attorney; Jerry N. Estes, District Attorney General; Joseph Victor Hoffer, Assistant District Attorney; Stephen Davis Crump, Assistant District Attorney of Bradley County D.A.'s Office; Officer Chuck Kimbrell and former Detective Tony Alvarez of the Bradley County**

Sheriff's Department; Defendant District and Assistant District Attorneys, as well as Defendant Detectives and Officers are Sued in Both their Individual and Official Capacities, Defendants.

No. 1:02–CV–182.

United States District Court, E.D. Tennessee.

Jan. 3, 2003.

---

Alden Joe Daniel, Jr., Wartburg, TN, pro se.

D. Mitchell Bryant, Cleveland, TN, for Ellie M. Cantrell, Michael Cantrell.

M. Drew Robinson, Cleveland, TN, for Tim Taylor.

Melinda Meador, Bass, Berry and Sims, Knoxville, TN, for Prime Star.

Douglas N. Blackwell, II, Fillauer & Wilson, Cleveland, TN, Melinda Meador, Bass, Berry and Sims, Knoxville, TN, for John Doe 2.

Douglas N. Blackwell, II, Fillauer & Wilson, Cleveland, TN, for G &'M Market.

Roger E. Jenne, Jenne, Scott & Jenne, Cleveland, TN, for Roger E. Jenne.

Paul G. Summers, Christopher M. Fancher, Office of Atty. Gen., Nashville, TN, for Jerry Estes.

### MEMORANDUM

EDGAR, Chief Judge.

The plaintiff, Alden Joe Daniel, Jr., ("Daniel"), brings this lawsuit under the Video Tape Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and the Tennes-

see Video Consumer Privacy Act, TENN. CODE ANN. §§ 47–18–2201 though 2205 ("TVCPA"). The defendants have each moved for dismissal or summary judgment: Ellie M. Cantrell and Michael Cantrell [Court File No. 30]; Lee Ann Stabler [Court File No. 25]; Tim Taylor and Fantasy World [Court File No. 5][1]; John Doe # 1 and Prime Star [Court File No. 49]; John Doe # 2 and G & M Market [Court File No. 3 & 51]; Roger E. Jenne [Court File No. 7]; Jerry N. Estes, Joseph V. Hoffer, and Stephen D. Crump [Court File No. 28 & 47]; Chuck Kimbrell and Tony Alvarez [Court File No. 59]. The defendants' motions for dismissal or summary judgment will be **GRANTED**.

Defendants Ellie M. Cantrell and Michael Cantrell move for sanctions pursuant to FED. R. CIV. P. 11 [Court File No. 32]. The motion for sanctions will be **DENIED**.

Plaintiff Daniel moves for access to a letter written by defendant Lee Ann Stabler [Court File No. 62]. This motion for access will be **DENIED**.

### I. *Summary Judgment*

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). If matters outside the pleadings are presented to and not excluded by the Court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. FED. R. CIV. R. 12(b); *Fugarino v. Hartford Life and Acc. Ins. Co.*, 969 F.2d 178, 182 (6th Cir.1992). Because such additional matters have been submitted to this Court and a reasonable opportunity to present all relevant material has been afforded, the following standard is applicable to defendants' motions styled as motions to dismiss and those styled as motions for summary judgment.

---

1. Tim Taylor and Fantasy World moved the Court for dismissal in the answer to plaintiff's complaint.

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir.2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir.2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249, 106 S.Ct. 2505; *National Satellite Sports*, 253 F.3d at 907.

## II. *Background*

Plaintiff Daniel appears pro se before this Court and is currently serving a pris-

on sentence based on his guilty plea to the crimes of rape, statutory rape, and sexual battery by an authority figure. [Court File No. 1, Complaint at paragraph 26]; *See also State v. Aldon Joe Daniels*, *Jr.*, M–99–358, Criminal Court of Bradley County, Tennessee.[2] The defendants include various police officers, attorneys, and other individuals involved in his prosecution; the parents of one of Daniel's victims (who are currently pursuing civil litigation against Daniel); and the employees and owners of two video stores, along with the business entities, where Daniel rented pornographic videotapes.

Daniel alleges that information regarding his video rentals was disclosed by the video store employees in violation of the VPPA and the TVCPA. Daniel further alleges that information regarding his video rentals was distributed among the named individuals and used by them in his criminal prosecution and the subsequent civil cases.

The defendants argue that the statute of limitations bars this action. In support, the defendants submit a copy of a suppression motion dated March 27, 2000, [Court File No. 38] filed in Daniel's criminal trial. The defendants, excluding those who are named as owners or employees of video stores, also argue that under the VPPA and the TVCPA they are not video service providers as required for the statutes to be applicable.

## III. *Analysis*

### A. *Videotape Privacy Protection Act of 1988, 18 U.S.C. § 2710*

The Videotape Privacy Protection Act of 1988, 18 U.S.C. § 2710, "prohibits video

---

**2.** Documents submitted from the state court proceedings spell the plaintiff's name "Aldon Joe Daniels, Jr.," rather than "Alden Joe Dan-

iel, Jr.," as the name appears in this Court's records.

service providers from disclosing personally identifiable information except in certain, limited circumstances." S.Rep. No. 100–599, at 5 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1, 4342–5. As enacted, the VPPA is divided into five sections. Section (a) defines the terms used in the statute. The term "video tape service provider" provider is defined as

> any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials, or any person to other entity to whom a disclosure is made under subparagraph (D) or (E) of subsection (b)(2), but only with respect to the information contained in the disclosure.[3]

18 U.S.C. § 2710(a)(4). Subsection (b) states that:

> (1) A video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person for the relief provided in subsection [ (c) ][4].

*Id.* Subsection (c), provides that "any person aggrieved by any act of a person in violation of this section may bring a civil action in a United States District Court" for the remedies provided under (c)(2). *Id.* Subsection (c)(3) further provides that a civil action must be brought "within 2 years from the date of the act complained of or the date of discovery." *Id.* Subsection (d) provides an exclusionary rule pre-venting the receipt into evidence of information obtained in a manner not compliant with the statute in any federal or state proceeding. *Id.* Subsection (e) requires the destruction of old records held by video tape service providers, and subsection (f) preempts only those state or local laws that "require disclosure prohibited by this section." *Id.*

### 1. *Proper Parties*

In addition to employees and owners of video service providers, Daniel has sued police officers, attorneys, and other individuals involved in his prosecution as well as the parents of one of Daniel's victims. Daniel asserts that because these individuals have attempted to have video records, allegedly obtained in violation of the VPPA, admitted in criminal and civil cases against him, they are in violation of section 2710(d). These defendants argue that they are not proper parties because only video tape service providers may be found liable under the statute.

In support of his argument that the VPPA provides liability for persons who cannot be classified as video tape service providers, Daniel cites to a decision of the United State District Court for New Jersey. *See Dirkes v. Borough of Runnemede*, 936 F.Supp. 235 (D.N.J.1996). The *Dirkes* court interpreted the VPPA as containing three subsections giving rise to the remedies available under subsection (c). *Id.* In *Dirkes*, the court found that subsection (b) (prohibiting video providers from

---

**3.** Subsection (b)(2)(D) addresses the situation of limited disclosure of only names and addresses where the consumer is conspicuously notified. Subsection (b)(2)(E) provides for disclosures incident to the ordinary course of business of the video tape service provider. Neither of these provisions are applicable to the defendants in this case.

**4.** Although the text of the 18 U.S.C. § 2710(b) refers to subsection (d) as the source of relief, the Court believes that a typographical error exists, and the section providing relief is in fact subsection (c). Subsection (c) provides remedies associated with a civil action, while subsection (d) establishes an exclusionary rule preventing improperly obtained records of a videotape provider from being received in evidence.

distributing customer information expect in limited circumstances), subsection (d) (prohibiting the acceptance of wrongly acquired records from being received into evidence), and subsection (e) (requiring the destruction of old records) were each actionable by civil suit as provided by subsection (c). Based on the congressional record and the language of the statute, however, this Court finds that because only a video tape service provider may be found liable under the VPPA, only violations of subsections (b) and (e) may be remedied through the civil cause of action provided by subsection (c).

This Court's interpretation of the statute does not remove the force of subsection (d). The text of subsection (d) provides that:

> Personally identifiable information obtained in any manner other than as provided in this section shall not be received in evidence in any trial, hearing, arbitration, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision of a state.

18 U.S.C. § 2710(d). The language of subsection (d) supports the proposition that Congress only intended subsections (b) and (e) to be actionable under section (c) because it prescribes that the documents "shall not be *received* in evidence." 18 U.S.C. § 2710(d) (emphasis added). The decision whether or not to receive documents or testimony is one that will be made by the person presiding over the relevant proceeding. *Id.*

The legislative record states that:

> Section 2710(d) is intended to apply to the situation when a private individual obtains personally identifiable information in violation of the Act. It is not intended to apply to any federal, state, or local government official.

S.Rep. No. 100–599, at 15 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1, 4342–5. A private individual is not in a position to "receive" video records into evidence. A private individual may, however, attempt to submit improperly obtained video records only to have section 2710(d) prevent any court from receiving the records into evidence. The language of the statute, together with the fact that the Senate described the bill as one that "prohibits video service providers from disclosing personally identifiable information except in certain, limited circumstances," makes it apparent that the Congress did not intend to create liability for persons presiding over a proceeding, or any persons who are not video service providers under the statute. *See id.*

■ Daniel states in his complaint [Court File No. 1 & 36] that each of the defendants have violated the VPPA and is subject to the remedies provided by 18 U.S.C. § 2710(c). Daniel has made no allegation that the following defendants qualify in anyway as video tape service providers: Ellie M. Cantrell, Michael Cantrell, Lee Ann Stabler, Roger E. Jenne, Jerry N. Estes, Joseph V. Hoffer, Stephen D. Crump, Chuck Kimbrell, and Tony Alvarez. The claims against these defendants must fail because they are not proper parties under the statute.

### 2. *Statute of Limitations*

Section 2710(c) provides that a civil action may be maintained by any person aggrieved by a violation of the VPPA; however, section 2710(c)(3) states that such an action must be brought "within 2 years from the date of the act complained of or the date of discovery." 18 U.S.C. § 2710(c)(3).

The defendants argue that the statute of limitations has run. They submit a copy of a suppression motion filed on Daniel's behalf in the criminal proceeding *State v. Aldon Joe Daniels, Jr.,* M–99–358, Criminal Court of Bradley County, Tennessee. The March 27, 2000 suppression motion was filed by Daniel's attorney and requests suppression of video records protected by the VPPA. Daniel argues that he did not discover the alleged violation of the VPPA until a later date because he was not aware that his attorney filed the suppression motion. In this case, however, proof of Daniel's actual knowledge is unnecessary. "The relationship between an attorney and the client he or she represents in a lawsuit is one of agent and principal." *Veal v. Geraci,* 23 F.3d 722, 725 (2d Cir.1994). The *Veal* court applied this principal to find that the statute of limitations had expired as to claims under 42 U.S.C. § 1983 due to Veal's attorney's earlier motion addressing the very issue on which the plaintiff later based his civil claim. The court noted that:

> a person has notice of a fact if his agent has knowledge of the fact, reason to know it or should know it, or had been given notification of it, under the circumstances coming within the rule applying to the liability of a principal because of notice to his agent.

*Id.,* (citing RESTATEMENT (SECOND) OF AGENCY § 9(3) (1958)). In this case, Daniel's attorney acted on his behalf and as his agent before the court. Daniel's denial of actual knowledge is immaterial.

Daniel also suggests that the statute of limitations has not expired because the disclosure is ongoing by each defendant. [Court File No. 42 at 4]. As addressed above, only the disclosure by video service providers is actionable under 18 U.S.C. § 2710. It appears from the complaint and amended complaint that Daniel refers to the ongoing discussion of his video rentals by persons other than those qualifying as video service providers. It is unlikely that Daniel has rented any videos after his guilty plea, and Daniel presents no evidence or reference to a specific incident to demonstrate that such disclosure is ongoing or that any disclosure occurred after the date the motion to suppress was filed on his behalf. A mere scintilla of evidence is not enough to prevent dismissal of a case on a motion for summary judgment. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *McLean v. 988011 Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir.2000). In this case, Daniel has made no more than the bald claim that disclosures are ongoing and has failed to provided even a scintilla of evidence in support.

■ The Court finds that the plaintiff had knowledge of the alleged violation on March 27, 2000, the date he filed the motion to suppress. To maintain his action, the plaintiff was required to file his action on or before March 27, 2002. Because he filed on June 17, 2002, this action against the named video service providers is barred by the statute of limitations.[5]

B. *Video Consumer Privacy Act,* TENN. CODE. ANN §§ 47–18–2201 through 2205

■ The TVCPA is similar to its federal counterpart. The statute states that "[a] video tape seller or service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be

---

**5.** Defendant Prime Star has submitted documents and affidavits which demonstrate that no records from Prime Star were ever disclosed in violation of the VPPA. The documents show that even when a subpoena was produced to receive the plaintiff's video records, the records had already been purged from Prime Star's computer system.

liable to the aggrieved person for the relief provided in § 47–18–2205." TENN. CODE ANN. § 47–18–2204. The Act defines these terms:

"Video tape seller" means any person engaged in the business of selling prerecorded video cassette tapes or similar audio visual materials; and

"Video tape service provider" means any person engaged in the business of rental of prerecorded video cassette tapes or similar audio visual materials.

TENN. CODE ANN. § 47–18–2203. Therefore, the defendants not identified as employees, owners, or business entities engaged in video rental are not proper defendants under this statute.

■ Although Daniel may maintain a claim against the video tape service providers named in the complaint, the Tennessee Code provides a one year statute of limitations applicable in personal tort actions for statutory penalties. TENN. CODE. ANN. § 28–3–104(a)(4). The liability created under the TVCPA section 47–18–2205 is such a statutory penalty. As discussed above, Daniel has failed to provide any materials or assert any facts in support of his claim that the alleged violations occurred after the date of the motion to suppress submitted in his criminal case. The motion to suppress filed on March 27, 2000, demonstrates Daniel's knowledge of the events he claims are actionable under the TVCPA. Daniel has failed to satisfy the two year statute of limitations required by the VPPA and similarly has failed to meet the one year statute of limitations applicable to his state law claim.

### C. Rule 11 Sanctions

■ Defendants Ellie M. Cantrell and Michael Cantrell also move for sanctions pursuant to FED. R. CIV. P. 11 [Court File No. 32]. The Cantrells assert that the plaintiff is currently incarcerated for sexual abuse of their daughter. The defendants note that sanctions may be imposed where a lawsuit is filed for the purpose of harassment. FED. R. CIV. P. 11(c). The Court does not find that this lawsuit was filed for the purpose of harassment. However, the Court will closely examine any future filings by Daniel against his victims or their families for evidence that the purpose of the filing is harassment. The motion will be **DENIED**.

### D. Letter written by Lee Ann Stabler

■ The plaintiff also has presented a motion for access to a letter written by defendant Lee Ann Stabler addressed to the Warden at the Morgan County Correctional Complex. [Court File No. 62] This motion appears to be entirely unrelated to the case before the Court and will be **DENIED**.

### IV. Conclusion

For the reasons stated above, the defendants' motions for summary judgment will be **GRANTED**. The motion of defendants Ellie M. Cantrell and Michael Cantrell for sanctions will be **DENIED**. The motion of plaintiff Daniel for access to a letter written by defendant Lee Ann Stabler will be **DENIED**. This case will be **DISMISSED WITH PREJUDICE**. The defendants will be awarded costs. An order will enter.

### JUDGMENT

In accordance with the accompanying memorandum, it is hereby **ORDERED** that the defendants' motions for summary judgment are **GRANTED**. The following list identifies the motion applicable to each defendant or group of defendants:

Ellie M. Cantrell and Michael Cantrell [Court File No. 30]; Lee Ann Stabler [Court File No. 25]; Tim Taylor and

Fantasy World [Court File No. 5]; John Doe # 1 and Prime Star [Court File No. 49]; John Doe # 2 and G & M Market [Court File No. 3 & 51]; Roger E. Jenne [Court File No. 7]; Jerry N. Estes, Joseph V. Hoffer, and Stephen D. Crump [Court File No. 28 & 47]; Chuck Kimbrell and Tony Alvarez [Court File No. 59].

Defendants Ellie M. Cantrell and Michael Cantrell also move for sanctions pursuant to FED. R. CIV. P. 11 [Court File No. 32]. The motion for sanctions is **DENIED**.

Plaintiff Alden Joe Daniel, Jr. moves the Court for access to a letter written by defendant Lee Ann Stabler addressed to the Warden at the Morgan County Correctional Complex [Court File No. 62]. This motion is **DENIED**.

This case is **DISMISSED WITH PREJUDICE**. All claims having been finally adjudicated, the Clerk of Court shall close the record in this case. Costs are awarded to the defendants.