*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0216P (6th Cir.)
File Name: 04a0216p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

ALDEN JOE DANIEL, JR.,
    *Plaintiff-Appellant,*

    *v.*

    No. 03-5188

ELLIE M. CANTRELL, et al.,
    *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 02-00182—R. Allan Edgar, Chief District Judge.

Submitted: March 12, 2004

Decided and Filed: July 8, 2004

Before: MARTIN, CLAY, and CUDAHY, Circuit Judges.[*]

———————

**COUNSEL**

**ON BRIEF:** M. Drew Robinson, Cleveland, Tennessee, Russell S. Baldwin, BASS, BERRY & SIMS, Nashville, Tennessee, Melinda Meador, BASS, BERRY & SIMS,

---

[*] The Honorable Richard D. Cudahy, Senior Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

---

2   *Daniel v. Cantrell, et al.*    No. 03-5188

Knoxville, Tennessee, N. Mark Kinsman, BAKER, KINSMAN, HOLLIS, CLELLAND & WINER, Chattanooga, Tennessee, Michael E. Jenne, JENNE, SCOTT & JENNE, Cleveland, Tennessee, Martha A. Campbell, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, Kent E. Krause, Henry S. Queener III, BREWER, KRAUSE & BROOKS, Nashville, Tennessee, for Appellees. Alden J. Daniel, Jr., Wartburg, Tennessee, pro se.

———————

**OPINION**

———————

CUDAHY, Circuit Judge. Plaintiff-Appellant filed this *pro se* appeal from the district court's order granting the defendants' motion for summary judgment pursuant to the Video Privacy Protection Act (the Act), 18 U.S.C. § 2710. Plaintiff argues that the district court committed error by granting the defendants' motion for summary judgment on the issues whether certain defendants were proper parties under the Act and whether the plaintiff timely filed his claim within the two-year statute of limitations period of the Act. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.
## BACKGROUND

The plaintiff, Alden Joe Daniel, Jr. (Daniel) was charged with and eventually pleaded guilty to the sexual molestation of three underage girls. Allegedly, part of his *modus operandi* was showing pornographic movies to the underage girls. Kimbrell Br. at 3. Therefore, as part of the criminal investigation into his conduct, law enforcement officials sought and were able to obtain his video rental records. On March 27, 2000, Daniel's state-appointed attorney, James F. Logan, filed a motion to suppress the disclosures. The motion argued that these video rental records were obtained in

violation of the Act. It is unclear whether or not this motion was granted; however, between May and August of 2000, Daniel pleaded guilty to one count of rape, five counts of statutory rape, two counts of sexual battery by an authority figure and failure to appear.

On June 10, 2002, Daniel filed a *pro se* complaint in the United States District Court for the Eastern District of Tennessee alleging that numerous defendants obtained and disclosed private information regarding his rental of pornographic videos in violation of the Act. Defendants "John Doe #1 and Prime Star, John Doe #2 and G&M Market, and Tim Taylor and Fantasy World," are retail video stores at which the plaintiff allegedly had accounts and the employees who allegedly made disclosures. Defendants Chuck Kimbrell, Tony Alvarez, Stephen Davis Crump, Joseph Victor Hoffer and Jerry Estes are the law enforcement officers and officials who investigated and prosecuted Daniel for rape and statutory rape in Bradley County Criminal Court, Tennessee. Defendants Lee Ann Stabler and Ellie and Michael Cantrell are parents of Daniel's rape victims and also the plaintiffs in a civil suit against Daniel. Defendant Roger Jenne is an attorney who represented Stabler and the Cantrells in their state civil litigation and in the criminal prosecution.

In his complaint, Daniel asserts that video rental store owners and their employees disclosed personally identifiable information about his video rentals to defendants Estes, the Cantrells, Stabler, Jenne, Kimbrell and Alvarez. These defendants then disclosed this information to a Bradley County Grand Jury. Daniel alleges that these disclosures violated his right to privately rent video tapes under the Act. According to Daniel's complaint, the disclosures began as early as January 11, 1998, and were ongoing and continuous up to the last two civil suits against him that were filed in September, 2001. To support this latter contention, Daniel submitted the sworn affidavits of his mother and father.

The defendants thereafter filed various motions to dismiss Daniel's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because the defendants attached affidavits and other documents outside of the complaint to their motions, the district court treated their motions to dismiss as a collective motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). On January 3, 2003, the district court granted the defendants' motion for summary judgment because it reasoned that those defendants who were not "video service provider[s]" under the Act were not subject to legal liability. *See Daniel v. Cantrell*, 241 F. Supp. 2d 867, 872 (E.D. Tenn. 2003). The court further reasoned that those defendants who were "video service provider[s]" were not subject to liability because Daniel did not timely file his lawsuit within the applicable two-year statute of limitations in the Act. *Id.* at 873 ("The Court finds that the plaintiff had knowledge of the alleged violation on March 27, 2000, the date he filed the motion to suppress. To maintain his action, the plaintiff was required to file his action on or before March 27, 2002. Because he filed on June 17, 2002, this action against the named video service providers is barred by the statute of limitations."). In addition, the court stated that summary judgment was appropriate against Daniel as to the statute of limitations because Daniel "present[ed] no evidence or reference to a specific incident to demonstrate that such disclosure is ongoing or that any disclosure occurred after the date the motion to suppress was filed on his behalf." *Id.*

Of course, we could decline to address the merits of Daniel's appeal because of his failure to file or designate a joint appendix or other certified documents as required by Rule 30 of the Federal Rules of Appellate Procedure.[1]

---

[1] That Rule provides, in relevant part that: "The appellant *must* prepare and file an appendix to the briefs containing:
   (A) the relevant docket entries in the proceeding below;
   (B) the relevant portions of the pleadings, charge, findings, or

However, we will exercise our discretion and address the merits of Daniel's claims, especially since no decision from this court has interpreted the applicable provisions of the Act and the district court issued a published opinion.[2]

## II.
## DISCUSSION

Because Daniel appeals the district court's grant of summary judgment to defendants, this court reviews the district court's opinion *de novo.* *See Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although all facts must be viewed in the light most favorable to the non-movant, a non-movant "may not rest upon mere allegations or denials

---

opinion;
  (C) the judgment, order, or decision in question; and
  (D) other parts of the record to which the parties wish to direct the court's attention.
Fed. R. App. P. 30(a)(1) (emphasis added).

[2]The Sixth Circuit Rule on failure to file a joint appendix provides the following sanctions:

Sanctions. Failure to file a joint appendix, or the filing of a joint appendix substantially out of compliance with the requirements of this local rule, *may result in dismissal* of the appeal. This Court, on the motion of a party or on its own motion, may deny costs to a party who has been responsible for the insertion of unnecessary material into, or for the omission of necessary material from, the joint appendix. Moreover, any counsel who so complicates the proceedings in any case by unreasonably and vexatiously failing to comply with the requirements of this local rule may be required by this Court to satisfy personally any excess costs . . . and may be subject to disciplinary sanctions.
6th Cir. R. 30(m) (emphasis added).

of his pleading, but must set forth specific facts showing that there is a genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### 1. Proper Parties

As noted earlier, Daniel brings this suit against (1) various police officers, attorneys, and the parents of one of Daniel's victims, as well as (2) the employees and owners of two video stores where Daniel rented pornographic videos. There is no dispute that the defendants making up this second category are proper parties under the Act. The only question which we must answer is whether the defendants not associated with the video stores are proper parties under the Act. We believe that based on the plain language of the Act, this first group of defendants are *not* proper parties.

#### A. 18 U.S.C. § 2710(b)

Reading Daniel's complaint broadly, it appears that he may be asserting claims under two sections of the Act: §§ 2710(b) and (d). We discuss section (b) first. Section (b) provides that "[a] *video tape service provider* who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person for the relief provided in subsection (d)." 18 U.S.C. § 2710(b)(1) (emphasis added). Therefore, under the plain language of the statute, only a "video tape service provider" (VTSP) can be liable. The term VTSP is defined by the statute to mean "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio video materials, or any person or other entity to whom a disclosure is made under subparagraph (D) or (E) of subsection (b)(2), but only with respect to the information contained in the disclosure." *Id.* at § 2710(a)(4). Daniel does not allege that the defendants in question are engaged in the business of rental, sale or delivery of prerecorded video cassette tapes. Therefore, the defendants may only be VTSPs

if personal information was disclosed to them under subparagraph (D) or (E) of subsection (b)(2).

Subparagraph (D) applies "if the disclosure is solely the names and addresses of consumers." *Id.* at § 2710(b)(2)(D). Moreover, disclosure under subparagraph (D) must be "for the exclusive use of marketing goods and services directly to the consumer." *Id.* at § 2710(b)(2)(D)(ii). For instance, if a video store provided the names and addresses of its patrons to a movie magazine publisher, the publisher would be considered a VTSP, but only with respect to the information contained in the disclosure. No disclosure in this case was made under subparagraph (D). The information provided was not limited to Daniel's name and address. Instead, the disclosure was of Daniel's history of renting pornographic videotapes and included the specific titles of those videos. Additionally, the disclosure was not for marketing purposes but for purposes of a criminal investigation. Therefore, subparagraph (D) is inapplicable in this case.

Daniel properly does not argue that the disclosure falls within subparagraph (E). *See* Pl.'s Br. at 15 ("[T]he appellant alleged specific information obtained and disclosed by the appellees . . . pursuant to 18 U.S.C. § 2710(b)(2)(D)(i)(ii), Appellate Record at 1 and 36"). Subparagraph (E) applies only to disclosures made "incident to the ordinary course of business" of the VTSP. *Id.* at § 2710(b)(2)(E). The term "ordinary course of business" is "narrowly defined" in the statute to mean "only debt collection activities, order fulfillment, request processing, and the transfer of ownership." *Id.* at § 2710(a)(2); *see also* S. Rep. No. 100-599 at 14 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342 (noting that the term is "narrowly defined" in the statute). "Order fulfillment" and "request processing" are defined in the legislative history as the use, by VTSPs, of "mailing houses, warehouses, computer services, and similar companies for marketing to their customers." S. Rep. No. 100-599 at 14 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342. Daniel presents no evidence suggesting that his information was

disclosed as a result of any of these activities. The disclosure in this case seems to have been made in conjunction with a criminal investigation, which is not included on the list of disclosures made "in the ordinary course of business." Moreover, as such a request is anything but ordinary, it would not naturally fit into this list and, in fact, would be addressed by a different section of the Act. *See id.* at § 2710(b)(2)(C) (discussing disclosure to a law enforcement agency). In sum, because Daniel has presented no evidence suggesting that a disclosure was made under subparagraph (D) or (E) in this case, the non-video store defendants are not VTSPs under the Act and therefore, are not proper parties to this litigation.

Daniel argues, however, that *any person*, not just a VTSP, can be liable under the Act based on *Dirkes v. Borough of Runnemede*, 936 F. Supp. 235 (D.N.J. 1996). *Dirkes* did reach this conclusion but only by misreading the Act. The court in *Dirkes* was focused on language in the Act stating that "[a]ny person aggrieved by any act of *a person* in violation of this section may bring a civil action in the United States district court." 18 U.S.C. § 2710(c)(1) (emphasis added). Because the statute states that a suit can be based upon an act of "a person" rather than an act of "a VTSP," *Dirkes* found that any person can be liable under the Act. *Dirkes*, 936 F. Supp. at 240. *Dirkes*, however, ignored the rest of the sentence. A lawsuit under the Act must be based on an "act of a person *in violation of this section* . . . ." 18 U.S.C. § 2710(c)(1) (emphasis added). The statute makes it clear that only a VTSP can be in violation of section 2710(b). *See* § 2710(b)(1) ("A video tape service provider who knowingly discloses . . . personally identifiable information . . . shall be liable . . . ."). Moreover, if *any* person could be liable under the Act, there would be no need for the Act to define a VTSP in the first place. *Id.* at § 2710(a)(4). More tellingly, if any person could be liable under the Act, there is no reason that the definition of a VTSP would be limited to "any person . . . *to whom a disclosure is made under subparagraph (D) or (E)* of subsection (b)(2)." *Id.* (emphasis added). *Dirkes* would have us ignore this limitation and find

that any person can be liable under the Act whether or not a disclosure was made to him under subparagraph (D) or (E). We avoid interpretations of a statute which would render portions of it superfluous. *See Riley v. Kurtz*, 361 F.3d 906, 913 (6th Cir. 2004) (quoting *Walker v. Bain,* 257 F.3d 660, 667 (6th Cir. 2001) ("Every word in the statute is presumed to have meaning, and we must give effect to all the words to avoid an interpretation which would render words superfluous or redundant.")); *United States v. Perry,* 360 F.3d 519, 537 (6th Cir. 2004) ("We may not construe a statute in a manner that renders part of the law superfluous.").[3]

The court in *Dirkes* found otherwise because the "clear intent of the Act," as demonstrated by its legislative history, "is to prevent the disclosure of private information." *Dirkes*, 936 F. Supp. at 240. Where the plain language of a statute is clear, however, we do not consult the legislative history. *See In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 549 (6th Cir. 1999) ("When interpreting a statute, we must begin with its plain language, and may resort to a review of congressional intent or legislative history only when the language of the statute is not clear.") (citing *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980)); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997) ("We have not referred to legislative history in our discussion of this issue because, where the statutory meaning is clear, we do not resort to legislative history."). In any case, our interpretation of the statute—that only a VTSP can be liable under § 2710(b)—does not conflict with Congress'

---

[3]*Dirkes* argues that this interpretation is absurd. "[T]he plain language of the Act does not delineate those parties against whom an action under this Act may be maintained. Taking the Defendants' argument to its logical extension, this omission would prevent plaintiffs from bringing a cause of action against anyone." *Dirkes*, 936 F. Supp. at 240. We do not know what statute the court in *Dirkes* was reading, but the Act plainly states that an action can be brought against a VTSP. *See* 18 U.S.C. § 2710(b)(1) ("A video tape service provider who knowingly discloses . . . personally identifiable information . . . shall be liable . . . .").

purpose in adopting the Act. One can "prevent the disclosure of private information" simply by cutting off disclosure at its source, *i.e.*, the VTSP. Just because Congress' goal was to prevent the disclosure of private information, does not mean that Congress intended the implementation of every conceivable method of preventing disclosures. Printing all personal information in hieroglyphics instead of English would also help prevent the disclosure of such information. However, nothing in the legislative history suggests that Congress was encouraging hieroglyphics and, similarly, nothing suggests that Congress intended that anyone other than VTSPs would be liable under the Act.[4] In sum, the Act is clear that only a VTSP can be liable under § 2710(b). Because the non-video store defendants do not fit within the definition of a VTSP, they are not proper parties.

### B. 18 U.S.C. § 2710(d)

It is unclear to this court whether Daniel is asserting a claim under 18 U.S.C. § 2710(d). Nonetheless, in the interests of completeness we will explain why such a claim must fail. Section 2710(d) states that "[p]ersonally identifiable information obtained in any manner other than as provided in this section shall not be received in evidence in any . . . proceeding." 18 U.S.C. § 2710(d). Daniel cannot bring suit based on this section, however, because it is a rule of evidence—not a basis for a private cause of action. This is clear for at least two reasons.

---

[4]Daniel also cites *Camfield v. City of Oklahoma City*, 248 F.3d 1214 (10th. Cir 2001) in support of his argument. Daniel believes *Camfield* supports his position because in that case, several defendants, unrelated to video stores, were found liable under the Act. It appears, however, that the defendants in *Camfield* did not raise this issue on appeal and the court did not discuss it. Therefore, we do not know whether the court in *Camfield* or the district court below ever considered the issue, and the decision is of little value to us.

First, only § 2710(b) can form the basis of liability. This is plain because only section (b) includes language relating to liability. *See id.* at § 2710(b)(1) (noting that a VTSP "shall be liable" for violating the section). Neither section (d) nor section (e) contains such language. Further, the structure of the statute make it clear that a civil action may be brought based on only a violation of section (b). Immediately after section (b), section (c) discusses the rules for bringing a "civil action." After section (c), sections (d) and (e) discuss receiving personal information into evidence and destruction of old records. If these later sections were to be a basis for liability, it would make sense that the section on civil actions would come at the end of the statute, rather than preceding these sections.[5]

Second, section (d) states that personal information not properly disclosed "shall not be *received* into evidence." *Id.* at 2710(d) (emphasis added). As the district court aptly noted, "[t]he decision whether or not to receive documents or testimony is one that will be made by the person presiding over the relevant proceeding. . . . A private individual is not in a position to 'receive' video records into evidence." *Daniel*, 241 F. Supp. at 872. If Congress wanted, it certainly could have stated that "no person *shall attempt to submit*" personal information into evidence. Congress, however, did not use this language. Therefore, it is clear that section (d) is a rule of evidence and cannot be the basis for a private cause of action.

---

[5]One might argue that our reading of the statute is problematic because there would be no way to enforce section (e)—the requirement that old records be timely destroyed. However, if the failure to timely destroy such records resulted in harm to the consumer, he could presumably bring a negligence action against the VTSP and benefit from the existence of section (e) by arguing negligence *per se*. *See* J.D. Lee & Barry Lindahl, *Modern Tort Law: Liability and Litigation* § 3:42 (2d ed. 2003) ("Under the per se rule, the violation of an applicable statute is conclusive proof of negligence, leaving only the question of causation to be determined.").

Because the following defendants do not fit into the definition of a VTSP necessary for liability under section (b) and because section (d) is not the basis for a private cause of action, we affirm the district court in its dismissal of all claims against Ellie M. Cantrell, Michael Cantrell, Lee Ann Stabler, Roger E. Jenne, Jerry N. Estes, Joseph V. Hoffer, Stephen D. Crump, Chuck Kimbrell and Tony Alvarez.

## 2. Statute of Limitations

We next turn to the issue whether the district court's grant of summary judgment to the defendants on the statute of limitations issue was erroneous. Daniel argues that the district court erred in granting the defendants' motion for summary judgment as to whether the statute of limitations period prescribed by the Act had expired before he filed his complaint with the district court on June 10, 2002.

In relevant part, the Act authorizes a civil action by a litigant, except that "no action may be brought under this subsection unless such action is begun within 2 years from the date of the act complained of or the date of discovery." 18 U.S.C. § 2710(c)(3). The district court found that it could impute knowledge of the privacy violation to Daniel as of March 27, 2000—the date on which his attorney filed a motion to suppress evidence of Daniel's video rental history. The district court's conclusion is supported by *Veal v. Geraci*, 23 F.3d 722 (2d Cir. 1994), in which the Second Circuit, based on an agency theory, held that a § 1983 action was barred by the statute of limitations because Veal's attorney had made a motion to suppress the same evidence more than three years before the § 1983 action was brought. Daniel does not argue that *Veal* was improperly decided, nor does he cite any case to the contrary.

Tennessee law of agency is in accord. In *Smith v. Petkoff*, 919 S.W.2d 595, 597-98 (Tenn. Ct. App. 1995), the Tennessee Court of Appeals also held that an attorney's

knowledge of the facts and circumstances of a case are automatically imputed to the client. The court held:

> [A] person generally is held to know what his attorney knows and should communicate to him, and the fact that the attorney has not actually communicated his knowledge to the client is immaterial. So, the facts constituting knowledge, or want of it, on the part of an attorney, are proper subjects of proof, and are to be ascertained by testimony as in other cases; but when ascertained, the constructive notice thereof to the client is conclusive, and cannot be rebutted by showing that the attorney did not in fact impart the information so acquired.

*Id.* (quoting 7A C.J.S. *Attorney and Client* § 182 (1980)); *accord Lane-Detman, L.L.C. v. Miller & Martin*, 82 S.W.3d 284, 296 (Tenn. Ct. App. 2002) (same); *see also Moody v. Moody*, 681 S.W.2d 545, 546 (Tenn. 1984) ("Counsel's knowledge must be attributed to his client, if the actions of the court are to have any efficacy."); *Roberts v. State*, 546 S.W.2d 264, 265 (Tenn. Ct. App. 1977) ("A client is implied to have notice of facts transmitted to his attorney in the matter and course of his employment for such client."). Since there is no dispute that Daniel's criminal attorney knew of the alleged privacy violations as of March 27, 2000, it follows, as a matter of Tennessee law, that Daniel also knew of the alleged violations as of that date.

Daniel argues that there were communication problems between him and his attorney. However, *Veal* suggests, and the other cited cases confirm, that the existence of such communication problems between principal and agent would not affect the imputation of knowledge. *Id.* at 725 ("[W]hether or not Veal himself heard Geraci's testimony, Veal's attorney plainly had knowledge of the conduct giving rise to Veal's present claim, and under traditional principles of agency the attorney's knowledge must be imputed to Veal."). In any case, Daniel does not present any evidence to support his claim that there were serious communication problems between him and his attorney.

Daniel also argues that the district court erred in not considering sworn affidavits from his parents indicating that the defendants continued to violate his rights under the Act until July 17, 2001, by disclosing personally identifiable information about his video rentals. We have carefully reviewed these affidavits. They show only that Daniel's parents sought and were provided with a copy of his file from the Bradley County District Attorney's Office and from his former attorney, James Logan. These files contained personally identifiable information under the Act. But there are three reasons why these affidavits are of no help to Daniel. First, as discussed *supra*, the Bradley County District Attorney's Office and James Logan are not VTSPs.[6] Therefore, their disclosures are not independently actionable and would be relevant only for statute of limitations purposes if they led Daniel to discover an actionable violation of the Act. Because Daniel had already "discovered" the actionable violations (under *Veal*), subsequent disclosures by non-VTSPs are not relevant for purposes of the statute of limitations. *See* 18 U.S.C. § 2710(c)(3). Second, it is plain

---

[6]Daniel also argues that his claims fall within the statute of limitations of the Act, based on a "subsequent disclosure" made in September 2001. However, this "disclosure" was also prepared by non-VTSPs and therefore is not relevant for statute of limitations purposes.

from their affidavits that the disclosure to Daniel's parents was at Daniel's own behest. Disclosures made to the consumer or with his consent are not actionable under the Act. *Id.* at §§ 2710(b)(2)(A) and (B). Finally, as a matter of equity, Daniel cannot ask his parents to retrieve his file from these defendants and then expect us to hold them liable for complying with his own request.

The district court's opinion here makes it clear that it considered the parents' affidavits. *Daniel*, 241 F. Supp. 2d at 873 ("It appears from the complaint and amended complaint that Daniel refers to the ongoing discussion of his video rentals by persons other than those qualifying as video service providers."). Even if the district court had failed to consider the parents' affidavits, it is our duty to review the evidence independently. We have done so and have found nothing that supports Daniel's contentions. Second, the district court did not give short shrift to Daniel's argument that he was unaware that his attorney had filed a motion to suppress. The district court properly found that Daniel's knowledge, or lack thereof, was irrelevant because the knowledge of his agent is imputed to him, as discussed in *Veal*. We know of no good reason to depart from the well-established rule that the knowledge of an agent is imputed to his principal. Therefore, we find ourselves in agreement with the district court.

## III.
## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.[7]

---

[7]Daniel has filed a motion to sanction/disbar attorney Roger Jenne. This motion is DENIED. He has also filed a motion to issue an order to the District Attorney's Office to destroy video records of Alden Daniel. This relief was found to be inappropriate in the very case upon which Daniel relies. *See Camfield*, 248 F.3d at 1234 ("Camfield implies that the civil action provision of the VPPA, 18 U.S.C. § 2710(c), provides statutory authority for expungement of his [personally identifiable information] from OCPD's records, but that section does not expressly grant such relief. Moreover, although the VPPA provides that a court may award 'such other preliminary and equitable relief as the court determines to be appropriate,' 18 U.S.C. § 2710(c)(2)(D), this language has not been construed to provide the relief Camfield seeks."). Therefore, this motion too is DENIED.