NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 24, 2013[*]
Decided July 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 13-1707

| | |
|---|---|
| PETER GAKUBA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 13-CV-50112 |
| KATE C. KURTZ, et al., | |
| *Defendants-Appellees.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Peter Gakuba appeals the district court's dismissal of his suit against law enforcement personnel from the Winnebago County State's Attorney's Office and others who participated in a criminal investigation of him that led to sexual abuse charges, which remain pending. Many of the claims and named defendants duplicate those identified in another suit that was the subject of our prior opinion. *Gakuba v. O'Brien,* 711 F.3d 751 (7th

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Cir. 2013). In this new suit Gakuba invokes the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710, to enjoin the defendants from introducing evidence into his criminal case that was obtained from his video rental records. Because the VPPA does not authorize such relief, we affirm.

As we recounted in our prior opinion, a runaway teenager accused Gakuba of kidnapping and raping him in Rockford, Illinois. Gakuba alleged that police barged into his Rockford hotel room without a warrant, seizing his wallet and other items; according to Gakuba, the police acted after obtaining his video rental records from Hollywood Video to corroborate the accuser's story that he had watched videos in Gakuba's room. Gakuba was charged in Winnebago County Circuit Court with aggravated sexual abuse; those charges are pending.

In both suits Gakuba asserted claims under the VPPA. In his prior suit, in addition to asserting various constitutional claims under 42 U.S.C. § 1983, he sought damages from Hollywood Video for knowingly disclosing his video rental records to the police without a warrant. 18 U.S.C. § 2710(a)(4), (b). We concluded that these allegations stated a claim under the VPPA, vacated the judgment, and remanded for further proceedings; that claim is pending along with his constitutional claims. In this second suit, Gakuba renewed many of the same claims, but also sought an injunction barring the state in the criminal proceedings from submitting evidence stemming from his video rental records. The district court screened the case under 28 U.S.C. § 1915(e)(2)(b)(ii), noted that the claims arose out of the same transaction or occurrence as those pending in his first case, and dismissed the complaint as duplicative.

On appeal Gakuba maintains that his VPPA claim should not have been dismissed as duplicative because he now seeks injunctive relief instead of money damages. But Gakuba's complaint suffers from a larger defect: the VPPA authorizes equitable relief only to the extent that it prevents or stops *video tape service providers* from disclosing a consumer's video rental records, 18 U.S.C. § 2710(b), (c)(2)(D); *Sterk v. Redbox Automated Retail, LLC,* 672 F.3d 535, 536 (7th Cir. 2012); nothing in the VPPA authorizes Gakuba to enjoin *state officials* from disclosing his video records. *Daniel v. Cantrell,* 375 F.3d 377, 384 (6th Cir. 2004). And though one provision of the VPPA does provide that a consumer's video rental records "shall not be received in evidence in any trial" including those in state courts, 18 U.S.C. § 2710(d), that provision is a rule of evidence—not a basis for a private cause of action. *Daniel,* 375 F.3d at 384–85.

**AFFIRMED**