NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0297n.06

**Case No. 13-6045**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 21, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DONNA FRAZIER, Individually and as Personal Representative of the Estate of Joseph Frazier, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| SIDNEY JACKSON; KEVIN GRAHAM; JACKSON, FOSTER & RICHARDSON, LLC, Successor in Interest Jackson, Foster & Graham; BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC; MICHAEL PADWAY; MICHAEL PADWAY & ASSOCIATES, | ) ) ) ) ) ) ) | O P I N I O N |
| Defendants-Appellees. | ) | |

BEFORE:   COLE and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

COLE, Circuit Judge.   Donna Frazier brought this suit against her former attorneys, alleging that they committed malpractice by mishandling claims pertaining to her husband's illness and death from mesothelioma.  The district court concluded that Frazier's suit was time-barred under Tennessee's one-year limitations period for malpractice actions and granted summary judgment in favor of the defendants.  The sole question presented on appeal is whether

_____

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

Frazier suffered her alleged injuries more than one year before filing. Because we agree with the district court that she did, we affirm its grant of summary judgment.

## I. BACKGROUND

### A. Factual Background

From 1948 to 1972, Joseph Frazier was exposed to asbestos while working in the construction industry. He was diagnosed with mesothelioma in 2002 and contacted the defendants after seeing a television commercial advertising legal help for victims of the disease. That summer, Mr. Frazier hired the defendants to represent him and signed a contingent fee agreement.

In September 2002, the defendants filed Mr. Frazier's asbestos-related claims in a consolidated action in Mississippi state court. Mr. Frazier died from his disease on January 20, 2004, while that case was pending. The Mississippi court dismissed his claims without prejudice on improper venue grounds in August 2005. The defendants then joined Mr. Frazier's claims to another consolidated case, this one filed in Alabama state court, in August 2006—over two years after his death.) Although Alabama imposes a two-year statute of limitations for wrongful-death actions, *see* Ala. Code § 6-5-410(d), the defendants evidently sought to preserve the Fraziers' claim in Alabama by arguing that Mississippi's "savings clause" applied, *see* Miss. Code Ann. § 15-1-69.

During the Alabama proceedings, in the fall of 2009, Mr. Frazier's widow (hereinafter "Frazier") terminated her relationship with the defendants and enlisted attorney Scott Hendler to take over the case. Hendler wrote to defendant Graham in October 2011, noting that the Alabama defendants were "now raising the issue of limitations" due to the date of Mr. Frazier's death, and asking whether Graham had any authority to support his contention that Mississippi's

savings clause applied to toll the statute of limitations for a case filed in another jurisdiction. One of the Alabama defendants filed a motion to dismiss on limitations grounds on October 28, 2011, which another defendant quickly joined. Hendler filed a response on December 1, 2011. The Alabama court dismissed Frazier's claims as time-barred on February 2, 2012.

In addition to filing cases in Mississippi and Alabama, the defendants pursued, and in some cases obtained, monetary settlements on behalf of the Fraziers. Frazier contends that the defendants agreed to unreasonably low settlements with some parties and withheld her share of the proceeds from three of the settlements. In particular, Frazier's new attorney, Hendler, states that counsel for the United States Steel Corporation informed him in November 2011 that the company had settled a claim with Frazier in 2007. Frazier alleges that she never consented to the settlement, was never told of it, and never received any funds from it.

**B. Procedural History**

Frazier filed this suit against the defendant attorneys and law firms on October 30, 2012, in the United States District Court for the Eastern District of Tennessee. She alleges that the defendants committed malpractice when they (1) joined her husband's claims to consolidated actions in Mississippi and Alabama, rather than file his claims in Illinois, where his asbestos exposure occurred; (2) failed to investigate adequately his claims and file suit against Owens-Illinois, Inc.; (3) failed to file a wrongful-death case within the two-year limitations period; (4) associated other attorneys in handling the Mississippi and Alabama lawsuits without the Fraziers' permission; (5) failed to obtain the Fraziers' consent to settle with United States Steel; (6) neglected to pay the Fraziers their portions of settlements with the Flintkote Co., General Electric, and United States Steel; (7) obtained unreasonably low settlements from CerainTeed Corp., Johns Manville, Crown, Cork & Seal, and CSR Ltd.; and (8) generally misrepresented the

strength of the Fraziers' claims to induce them to settle. As a result of this negligence and breach of fiduciary duty, Frazier alleges, her total recovery is substantially lower than it might have been.

The defendants moved to dismiss for failure to state a claim, or in the alternative, for summary judgment, on the basis that Frazier's claims were time-barred, and for other reasons. The district court granted summary judgment on July 19, 2013, upon concluding that Tennessee's one-year statute of limitations for legal malpractice had expired before Frazier filed her complaint. Frazier timely appealed. The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

## II. ANALYSIS

This case involves only one question: whether Frazier suffered all injuries due to the defendants' alleged misconduct more than one year before filing her malpractice lawsuit. If so, the statute of limitations has expired, and we must affirm the district court.

### A. Tennessee's Statute of Limitations for Malpractice Claims

In Tennessee, attorney malpractice claims must be brought within one year of the date the cause of action accrued. Tenn. Code. Ann. § 28-3-104(a)(2). A cause of action accrues when two conditions are met: "(1) the plaintiff must suffer legally cognizable damage—an actual injury—as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct." *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998) (citation omitted). In *John Kohl & Co.*, the Tennessee Supreme Court defined an "actual injury" as "the loss of a legal right, remedy or interest, or the imposition of a liability." *Id.* (citation omitted). However, a plaintiff is also

injured if the defendant's negligence caused her "to take some action or otherwise suffer 'some actual inconvenience,' such as incurring an expense." *Id.* (quoting *State v. McClellan*, 85 S.W. 267, 270 (Tenn. 1905)).

The district court concluded that Frazier had suffered an "actual inconvenience," and therefore a legally cognizable injury, at one of two points: either when she terminated the defendants' representation in 2009 and hired a new attorney, or when the new attorney, Hendler, contacted defendant Graham with concerns that the Alabama claim might be time-barred, on October 11, 2011. In either case, Frazier's injury occurred more than one year before she filed her complaint.

Frazier does not dispute the district court's conclusion that she had actual or constructive knowledge of her injuries arising from the defendants' representation more than one year before filing her complaint for malpractice. She argues only that she was not injured until her Alabama case was dismissed in February 2012. We review the district court's grant of summary judgment de novo, and we view all evidence "in the light most favorable to the non-moving party." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001).

**B. Frazier's Malpractice Claims**

The parties encourage us to determine what kind of action entails a sufficiently serious "inconvenience" to amount to an injury under Tennessee law. But this case does not require us to do so. Notwithstanding Frazier's claim that each of the alleged acts of malpractice caused a "single indivisible injury," the acts can be divided into two groups: those pertaining to the mishandling of litigation, and those pertaining to deficient representation during and after settlement negotiations. For both groups, the claims are time-barred.

First, Frazier alleges that the defendants acted negligently when they opted to file suit in Mississippi and then Alabama, not Illinois, where her husband suffered asbestos exposure. As a result, they failed to bring claims against the appropriate parties in Illinois within two years of her husband's death. *See* 740 Ill. Comp. Stat. 180 / 2. Frazier was injured by the defendants' litigation-related blunders in January 2006, when the limitations period expired for filing a wrongful death action in Illinois. *See Wilkins v. Dodson, Parker, Shipley, Behm & Seaborg*, 995 S.W.2d 575, 580 (Tenn. Ct. App. 1998) (concluding, in malpractice claim, "that the plaintiff suffered an injury under the *Kohl* analysis when the statute of limitations applicable to the [plaintiff's] lawsuit expired"); *Smith v. Petkoff*, 919 S.W.2d 595, 597 (Tenn. Ct. App. 1995). When her Illinois claim expired, Frazier undoubtedly lost a "legal right, remedy or interest." *John Kohl & Co.*, 977 S.W.2d at 532. Thus, we affirm the district court's dismissal of Frazier's claims relating to the litigation in Mississippi and Alabama and to the defendants' failure to file a suit in Illinois.

Second, Frazier alleges that the defendants entered into settlements for inadequate amounts, and more generally, that they misrepresented the strength of her legal claims to induce her to settle. She also claims that the defendants settled with United States Steel and possibly other parties without her consent and without remitting her share of the proceeds.

Beginning with the settlements that Frazier claims were inadequate, a letter from defendant Graham to Frazier dated November 3, 2009, establishes that the defendants had already settled with Crown, Cork & Seal, CSR, Johns Manville, and CertainTeed. The letter further indicated that Frazier had already received proceeds from the first two settlements and that the CertainTeed settlement funds had not yet been collected. The defendants sent Frazier her share of the Johns Manville and CertainTeed settlements shortly thereafter.

The Tennessee Court of Appeals has considered the question of when, exactly, a plaintiff suffers an injury due to her attorney's failure to obtain a sufficiently large settlement. *Swett v. Binkley*, 104 S.W.3d 64, 67 (Tenn. Ct. App. 2002). In *Swett*, the court concluded that the plaintiff's injury occurred when she signed the settlement agreement. At that point, she knew that her attorney "had not recovered all he allegedly said he would" and that the settlement amount was all she would receive. *Id.* While *Swett* did not discuss the injury requirement separately from the knowledge requirement, the court made it clear that the plaintiff's injury took place either at the same time as, or before, she became aware of the settlement amount and agreed to it. *Id.* This approach makes sense, because in agreeing to settle an existing or potential claim, an individual relinquishes other possible remedies. *See John Kohl & Co.*, 977 S.W.2d at 532 (holding that an injury occurs when one loses a "legal right, remedy or interest").

In the case at hand, Graham's letter establishes that the allegedly deficient settlements had occurred as of November 2009. Frazier does not contradict this timeline. If the settlements were deficient, Frazier was injured when they were reached, and certainly no later than November 2009. Given that she does not dispute the knowledge component of accrual for these claims, they are time-barred.

Next, Frazier alleges that the defendants entered into settlements with United States Steel, Flintkote, and General Electric, but then failed to send Frazier her share of the recovery. She further contends that the defendants settled her claim against United States Steel without her consent and without ever informing her. The defendants assert that no settlements were ever reached with these parties. Assuming that Frazier's allegations are true—and noting that there is some evidence in the record indicating that a settlement was reached with United States Steel— Frazier nonetheless waited more than one year from the accrual of her claims to file a complaint

against the defendants. If indeed the defendants reached any settlements with these parties, they must have done so no later than the fall of 2009, when Frazier terminated their representation of her. Accordingly, Frazier's alleged injuries occurred more than one year before she filed.

As a final matter, Frazier contends, in a single footnote, that she did not have *knowledge* of the injury arising from the defendants' failure to turn over the United States Steel proceeds until less than one year after filing her malpractice action. But she has neglected to preserve this issue. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) (argument raised in a "single footnote and . . . not otherwise developed" is considered forfeited). Frazier does not address the knowledge factor at all in the main text of her brief, nor does she counter the district court's conclusion that she should have known of any possible injuries arising from the defendants' handling of her settlement negotiations when she terminated their representation in the fall of 2009. This claim, then, is also time-barred.

## III. CONCLUSION

We affirm the district court's grant of summary judgment to the defendants.