**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCILA BAPTISTE; FREDERICK
RAMOS,

               Plaintiffs-Appellants,

    v.

APPLE INC.,

               Defendant-Appellee.

No.   23-15392

D.C. No. 4:22-cv-02888-HSG

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

BURKE MINAHAN; et al.,

               Plaintiffs-Appellants,

    v.

GOOGLE, LLC,

               Defendant-Appellee.

No.   23-15775

D.C. No. 4:22-cv-05652-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 14, 2024
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Plaintiffs appeal from the dismissal of their complaints in two putative class actions alleging that Apple, Inc. (in No. 23-15392) and Google, LLC (in No. 23-15775) violated New York and Minnesota privacy statutes through the unlawful retention of personally identifiable information. Plaintiffs are consumers who reside in New York or Minnesota and rented videos from defendants. They allege that defendants collected their information and continue to retain it. They argue that defendants' retention of that information violates the New York Video Consumer Privacy Act and the Minnesota Video Privacy Law and that those statutes provide a private right of action for the wrongful retention of personal information. We have jurisdiction under 28 U.S.C. § 1291, and we review dismissals under Rule 12(b)(6) de novo. *Wilson v. Craver*, 994 F.3d 1085, 1089 (9th Cir. 2021). We affirm.

When construing state statutes, we apply state rules of statutory interpretation. *See Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 (9th Cir. 2013). Under New York law, "a court's primary consideration is to ascertain and give effect to the intention of the Legislature." *Walsh v. New York State Comptroller*, 144 N.E.3d 953, 955 (N.Y.

2019) (citation omitted). If the text is unambiguous, the court must give effect to its plain meaning. *Id.* The same is true in Minnesota. *See Swanson v. Brewster*, 784 N.W.2d 264, 274 (Minn. 2010).

The New York and Minnesota statutes prohibit the "wrongful disclosure of video tape rental records." N.Y. Gen. Bus. Law § 673; *see* Minn. Stat. § 325I.02. The statutes also contain express remedial provisions that allow consumers to sue any video provider who "knowingly discloses, to any person, personally identifiable information." N.Y. Gen. Bus. Law § 673(1); Minn. Stat. § 325I.02(1). Section 675 of New York's statute, titled "Civil liability," states: "Any person found to be in violation of this article shall be liable to the aggrieved consumer for all actual damages sustained by such consumer as a result of the violation." N.Y. Gen. Bus. Law § 675(1). Minnesota's statute similarly states: "The public and private remedies in section 8.31 [listing legal violations which the attorney general must investigate] apply to violations of section 325I.02." Minn. Stat. § 325I.03.

Both statutes also contain, in the same sections as the nondisclosure provisions, non-retention provisions. These state that a person subject to the nondisclosure section "shall destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected." N.Y. Gen. Bus. Law § 673(5); Minn. Stat. § 325I.02(6).

3

Plaintiffs seize on the New York remedial provision, which imposes liability on individuals "found to be in violation of *this article*," N.Y. Gen. Bus. Law § 675(1) (emphasis added), and analogous language in the Minnesota statute stating that remedies are available to those aggrieved by "violations of *section 325I.02*," Minn. Stat. § 325I.03 (emphasis added). They claim that because the non-retention provisions fall within "this article" under the New York statute and within "section 325I.02" under the Minnesota statute, the remedial provisions create a private right of action for violations of the non-retention provisions.

That argument overlooks that both non-disclosure provisions directly reference separate statutory provisions that allow for civil liability and the recovery of monetary damages. *See* N.Y. Gen. Bus. Law § 673(1) ("A video tape service provider who knowingly discloses . . . personally identifiable information . . . shall be liable to the aggrieved person for the relief provided in section six hundred seventy-five of this article."); Minn. Stat. § 325I.02(1) ("[A] videotape service provider or videotape seller who knowingly discloses personally identifiable information . . . is liable to the consumer for the relief provided in section 325I.03."). But the non-retention provisions of each statute are different: They lack language that links them to the civil liability provisions. *See* N.Y. Gen. Bus. Law § 673(5); Minn. Stat. § 325I.02(6).

This absence is meaningful because reading the non-retention provisions to

create a private right of action would deprive the liability language in the wrongful-disclosure provisions of any purpose. We thus decline to adopt plaintiffs' interpretation because "[i]t is well settled that . . . [courts] must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose." *Rodriguez v. Perales*, 657 N.E.2d 247, 249 (N.Y. 1995) (citation omitted); *see Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999) ("[N]o word, phrase, or sentence should be deemed superfluous, void, or insignificant" when interpreting a statute.).

Plaintiffs respond that adopting this interpretation of the statute creates another surplusage problem: It leaves the words "this article," N.Y. Gen. Bus. Law § 675, and "section 325I.02," Minn. Stat. § 325.03, without meaning. But "[p]articular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme." *United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015) (citation omitted). And nothing in the statutory texts suggests that the state legislatures intended to create a private right of action for retention. We therefore decline to place undue weight on the phrases plaintiffs highlight and instead employ "accepted principles of statutory construction to interpret . . . imperfectly drafted statute[s]." *Rodriguez v. Sony Comput. Ent. Am., LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015).

Plaintiffs also point to the federal Video Privacy Protection Act, noting that

its remedial provision, 18 U.S.C. § 2710(c), appears directly after the nondisclosure provision, 18 U.S.C. § 2710(b), but *before* its non-retention provision, 18 U.S.C. § 2710(e). In New York and Minnesota, however, the remedial provision appears *after* all provisions that lay out obligations, including the non-retention provisions. Whatever structural inference might be drawn from comparing the state and federal statutes is insufficient to overcome the textual reality that the non-retention provisions of these statutes do not contain liability language.

Finally, we decline plaintiffs' suggestion that we certify this question to the highest courts of New York and Minnesota. "Certification is not to be ordered lightly." *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 423 (9th Cir. 2022). As we have explained, this case presents a straightforward issue of statutory interpretation. It does not warrant protracted litigation in state court.

Google's motion for judicial notice (No. 23-15775 Dkt. No. 23) is **DENIED**.

**AFFIRMED.**

6